We find no written motion to quash the information in the record.

Article 523, C.C.P., provides: "The court, at its descretion, may hear and determine such motions and exceptions at any time before a trial has been entered upon, *but not afterward.*" (Italics ours.)

The last above-quoted article would preclude our consideration of the evidence adduced after the close of the State's case in chief.

Finding no reversible error, the judgment of the trial court is affirmed.

The record is before us without a statement of facts or bills of exception.

The complaint and information appear regular on their face; and nothing being presented for review, the judgment of the trial court is affirmed.

### GUTHRIE v. STATE.
No. 25762.

Court of Criminal Appeals of Texas.
March 19, 1952.

### HILL v. STATE.
No. 25757.

Court of Criminal Appeals of Texas.
March 19, 1952.

No attorney for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $100.

No attorney, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $100.

The record is before us without a statement of facts or bills of exception.

The complaint and information appear regular on their face; and nothing being presented for review, the judgment of the trial court is affirmed.